## DAVID PERRY *vs.* HENRY ADAMS.

Where two judgment creditors levied executions on the same land simultaneously, one
of them upon the whole by metes and bounds, and the other upon fourteen fifteenths
of one undivided half of it ; it was *held,* that the latter was entitled to hold, as ten-
ant in common with the former, the whole (and not a moiety only) of those fourteen
fifteenth parts of an undivided half.

Where an officer makes two returns on an execution against a manufacturing corpora-
tion, setting forth, in one, a levy on land as the estate of the corporation, and in
the other, a levy on the same land as the estate of a stockholder in the corporation,
pursuant to *St.* 1808, *c.* 65 ; it seems that the creditor will hold the estate, as against
another creditor of the corporation who levies execution on the same land as the
estate of such stockholder only.

WRIT of entry to recover a tract of land in Athol. The
tenant disclaimed all but fourteen fifteenth parts of an undi-
vided moiety of the demanded premises, which he claimed to
hold as tenant in common with the demandant. The action
was brought to settle the question whether the tenant (if entitled
to any part of the premises demanded) was entitled to the frac-
tion which he claimed, or to a moiety thereof. The case was
submitted to the court on a statement of facts, in substance as
follows :

On the 8th of October 1839, the demanded premises were
owned in fee by the Athol Manufacturing Company, which
was incorporated by *St.* 1814, *c.* 8. At the September term
1839, of the court of common pleas in this county, the de-
mandant, the tenant, and Adin Holbrook, severally recovered
judgments against said company, and took out their respective
executions thereon. Each of them had attached the demanded
premises and other property of the company, but the attachment
in Holbrook's suit was prior to that in either of the other suits.
Holbrook's execution was levied on the whole of the demanded
premises, and on other real estate of the company, which is
not brought into question in the present suit. This levy was

made by John H. Partridge, a deputy sheriff, and was completed on the aforesaid 8th of October.

Holbrook had before been, and then was, a stockholder in said company, and his individual property was liable, by *St.* 1808, *c.* 65, to seizure on execution, to satisfy the aforesaid judgments, recovered against the company by the demandant and the tenant.

The demandant's execution against the company was put n to said Partridge's hands for service, before the levy of Holbrook's execution, and the demandant had required Partridge to apply the property of the company to satisfy said execution. Partridge seized the demanded premises on the demandant's execution and on Holbrook's execution, simultaneously ; and immediately after he had completed the levy of Holbrook's execution, he, by order of the demandant, levied *his* execution on the same premises, as the estate of Holbrook ; and on the 9th of October 1839, he caused them to be appraised and set off, by metes and bounds, in satisfaction of that execution, by two separate returns ; in the first, as the estate of the company, and in the second, as the estate of Holbrook. In the second return, Partridge certified the time of the levy thus : " On the 8th of October 1839, at twenty eight minutes after five o'clock in the afternoon, *being the time when I delivered seizin to said Adin Holbrook* of land set off on his execution against said company."

The tenant's execution against the company was, on said 8th of October, in the hands of Cephas Willard, a deputy sheriff, for service ; and on that day he levied the same, by the tenant's direction, upon a portion of the demanded premises, (which the tenant claims,) as the estate of Holbrook. The return made by Willard on this execution was thus : " October 8th, 1839. I have on tnis day, and *immediately after the levy of Adin Holbrook's execution* against said company on the same estate, extended and levied this execution upon the above described real estate, snown to me as the estate of Adin Holbrook," &c. The reference, in this return, to the estate as "above described," was to the certificate of the appraisers, which was in-

dorsed on the execution, in these words : " October 9th, 1839. We have this day entered upon, and with the officer viewed, fourteen fifteenth parts of one undivided half of the store, house, and lot of land, situated in the Factory Village in Athol," &c.

The facts were also made part of this case, which are stated in *Peirce* v. *Partridge*, (*ante*, pp. 45, 46,) as to an arrangement made by the Athol Manufacturing Company and A. Brooks, junior, &c.

Upon the foregoing facts, it was agreed that the court should render judgment upon a nonsuit or default, according to the title of the parties.

*Washburn & Stevens*, for the demandant, argued, on the main question in the case, that as simultaneous levies give each creditor an undivided moiety of the portion of the estate levied on, as tenant in common with the other ; the tenant, by levying on fourteen fifteenths of a moiety, obtained title, as against the demandant, to only seven fifteenths of a moiety. *Shove* v. *Dow*, 13 Mass. 592. *Sigourney* v. *Eaton*, 14 Pick. 414.

*Brooks*, for the tenant.

DEWEY, J. The objection taken to the title of the tenant — that Adin Holbrook, under whose levy of an execution he derives title, was, at the time of such levy, a member of the Athol Manufacturing Company, and, as such member, liable to have his property levied upon by the creditors of the company, under the provisions of *St.* 1808, c. 65, § 6, and therefore was rendered incompetent to acquire any title by a levy upon the real estate of the company, to the prejudice of any creditor who was not a member thereof — has been fully considered and overruled in the case of *Peirce* v. *Partridge*, (*ante*, 44.)

The levy by Adin Holbrook, having priority by reason of a previous attachment, necessarily defeated any title in the demandant under his levy upon the premises as the property of the Athol Manufacturing Company ; and the rights of the parties are to be determined solely by the interest they may severally have acquired in the premises, by their levies upon the same as the estate of Adin Holbrook. It then presents the ordinary case of two judgment creditors having equal rights by simultaneous at

tachment, or seizure on execution ; and if both are regularly levied, the creditors become seized of the estate as tenants in common in equal proportions. *Shove* v. *Dow*, 13 Mass. 529. *Sigourney* v. *Eaton*, 14 Pick. 414. But the demandant insists that the levy of the execution of the tenant was so made as to take the case out of the ordinary rule ; and that the effect of that levy is only to give the tenant a title in a moiety of one half the estate in the land levied upon. The argument in support of this position arises from the form of the levy by the tenant — the officer certifying that he had extended and levied the execution upon fourteen fifteenths of an undivided half ; and it is contended. that the estate levied upon is to be held in moieties by the two creditors who seized it simultaneously, and therefore the tenant, having levied upon only fourteen fifteenths of an undivided half, he acquired by his levy only seven fifeenths of that undivided half.

We do not think this a correct view of the effect of such a levy. An officer, knowing that another execution had been or was to be simultaneously levied on the same land, and under such circumstances as to the lien, that each would take only an undivided moiety, might properly return a seizure on the same of an undivided half ; that being the extent of the interest to be appraised, and the extent of the interest passing to the creditor by the levy. In the case of *Durant* v. *Johnson*, 19 Pick. 544, such levy on a proportional share, by one of two simultaneous attaching creditors — the other creditor having made his levy — was held a good levy for the entire interest in the moiety or proportional part upon which he levied. We perceive no objection to such form of returning seizure and levy by the officer, where the whole estate of the debtor is exhausted by several levies made upon simultaneous attachments, or simultaneous seizures on execution where there has been no priority acquired by attachment.

This view of the case sustains the title of the tenant to the demanded premises, to the extent claimed by him, and seems to render it unnecessary to consider an objection taken to the right of the demandant to hold any estate in the premises, because he

maae two distinct levies upon the same execution, and in satisfaction of the same debt. These levies were, however, upon the same parcel of land, and they could not, in any event, give the creditor double satisfaction for his debt ; for whichever eventually proved to be the legal title necessarily superseded the other. Had they been upon different parcels of real estate, it would have been the duty of the creditor to waive his first levy agreeably to the provisions of Rev. Sts. *c.* 73, § 20, if he would resort to a second levy, or any other remedy in satisfac tion of his judgment. We think this objection would be unavailing, if it were open to the tenant. But we think judgment should be entered for the tenant, on the ground before stated.